# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 72-67 (BAH) |
| JOHN MILTON AUSBY, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM OPINION

In 1972, the defendant, John Milton Ausby, was sentenced, following his conviction by a jury for "Felony Murder" and "Rape while Armed," to concurrent sentences of life in prison and 10 to 30 years' incarceration, respectively. *See* Judgment & Commitment Order (Nov. 22, 1972); *United States v. Ausby*, 916 F.3d 1089, 1091 (D.C. Cir. 2019). Forty-seven years later, in 2019, while the defendant remained incarcerated only on the "Felony Murder" conviction, the D.C. Circuit considered the defendant's Motion to Vacate Conviction under 28 U.S.C. § 2255, ECF No. 2, and found that the defendant "demonstrated a 'reasonable likelihood'" that a "forensic expert's admittedly false" trial testimony about hair matching "could . . . have affected the judgment of the jury," *Ausby*, 916 F.3d at 1090 (internal quotation marks and citation omitted), and therefore "presented a valid claim under *Napue* [*v. Illinois*, 360 U.S. 264 (1959)] that he was convicted in violation of the Fifth and Sixth Amendments," *id*. at 1095. Consequently, the D.C. Circuit concluded that "the district court should have granted [the defendant's] § 2255 motion to vacate his conviction." *Id*.

On remand, the parties were directed to "file a joint proposed order 'to vacate [the defendant's] conviction,' . . . consistent with the D.C. Circuit's mandate," Min. Order (June 7, 2019) (quoting *Ausby*, 916 F.3d at 1095), and the government was directed to "file an operative

1

version of the Indictment containing only the charges that the government intends to retry," *id.* The parties then jointly proposed vacatur of the defendant's "November 22, 1972, judgment of conviction on counts of felony murder and rape while armed related to Deborah Noel," Jt. Filing: Proposed Order Vacating the Conviction, ECF No. 34, and the government submitted a version of the indictment proposing to re-try both convictions, *see* Gov't's Notice of Filing of Indictment (Retyped), ECF No. 36. Acknowledging that the defendant's sentence for rape has expired, the parties urge the Court to "vacate the defendant's felony murder conviction under § 2255, while vacating the rape while armed conviction by issuing a writ of *coram nobis*." Jt. Submission Regarding Def.'s Conviction for Rape ("Parties' Jt. Submission") ¶ 3, ECF No. 40; *see also* Def.'s Petition for Writ of Coram Nobis Vacating Conviction for Rape while Armed ("Def.'s Pet.") at 1, ECF No. 41.

For the reasons discussed below, jurisdiction is lacking to vacate the Rape while Armed conviction under either avenue of relief provided by 28 U.S.C. § 2255 or a writ of *coram nobis*.

I. **BACKGROUND**

The full factual and procedural background for this case has been set out in prior decisions, *see Ausby*, 916 F.3d at 1090–93; *United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2452988, at *1–2 (D.D.C. June 11, 2019); *United States v. Ausby*, 275 F. Supp. 3d 7, 9–24 (D.D.C. 2017), *rev'd and remanded*, 916 F.3d at 1089, and consequently only a brief review of the facts necessary for resolution of the instant dispute is provided. The defendant was originally tried and convicted by a jury in 1972, on one count of Felony Murder and one count of Rape while Armed, for the rape and murder of Ms. Deborah Noel. *Ausby*, 916 F.3d at 1091. He was then sentenced to life in prison on the Felony Murder conviction and received a concurrent sentence of 10 to 30 years for his Rape while Armed conviction. *Id.*; *Ausby*, 2019 WL 2452988,

at *1.  The defendant was also convicted at a separate trial, in 1973, of murdering two other women, Mses. Sharon Tapp and Sherry Frahm, but he remains incarcerated solely for the Felony Murder conviction as to Ms. Noel.  *Ausby*, 2019 WL 2452988, at *1.

With respect to the defendant's convictions for the rape and murder of Ms. Noel, the evidence submitted at the defendant's trial included testimony from a forensic expert that hairs found at the murder scene were "microscopically identical" to the defendant's hair.  *Ausby*, 916 F.3d at 1090.  In 2015, however, the government notified the defendant that this expert testimony was "false or misleading," and "waived any statute of limitations and procedural-default defenses in the event [the defendant] sought relief under 28 U.S.C. § 2255."  *Id.* at 1092.  Thus, in 2016, the defendant filed a Motion to Vacate Conviction under 28 U.S.C. § 2255, arguing that "the government's knowing presentation of false and misleading expert hair examination testimony" violated the Due Process Clause of the Fifth Amendment and *Napue*.  *See id.*

This Court denied the defendant's § 2255 motion, concluding that the "overwhelming evidence against him" left no "reasonable likelihood" that without the false hair evidence, the outcome would have been different.  *Ausby*, 275 F. Supp. 3d at 32 (internal quotation marks and citation omitted).  The D.C. Circuit, however, reversed, finding that the forensic expert's false hair-matching testimony "could . . . have affected the judgment of the jury."  *Ausby*, 916 F.3d at 1090 (alteration in original) (internal quotation marks omitted) (quoting *Napue*, 360 U.S. at 271).

In coming to that conclusion, the D.C. Circuit explained that under § 2255, "[a] federal prisoner may move to have his sentence vacated . . . if 'the sentence was imposed in violation of the Constitution or laws of the United States,'" *id.* at 1092 (quoting § 2255(a)), and noted that the defendant had "fully served his rape sentence, leaving his life sentence for murder," *id.* at 1091.  Then, upon finding a *Napue* violation, the D.C. Circuit ruled that this Court "should have granted

3

[the defendant's] § 2255 motion to vacate his conviction," *id.* at 1095, and "remanded for proceedings consistent with [its] opinion" to afford appropriate relief, *id.* The defendant did not, and has not, challenged his separate convictions in 1973 for the murders of Mses. Sharon Tapp and Sherry Frahm, sentences he has fully served. *Ausby*, 2019 WL 2452988, at *7.

On remand, the government has sought to proceed with a new trial related to Ms. Noel's murder. *See* Min. Entry (Apr. 12, 2019) (setting trial date for October 7, 2019). As noted, in response to the Court's order, the parties proposed vacatur of both of the defendant's convictions, notwithstanding the D.C. Circuit's observation that only the Felony Murder sentence remained. *See* Jt. Filing: Proposed Order Vacating the Conviction, Att. 1 ("Jt. Proposed Order") at 3, ECF No. 34-1.

Upon consideration of this Joint Proposed Order, the Court *sua sponte* questioned whether jurisdiction lies to vacate the defendant's Rape while Armed conviction under § 2255, since both the Verdict Form and the Judgment & Commitment Order reflect two convictions, on two distinct charges, for Rape while Armed and for Felony Murder, and since the defendant had fully served his Rape while Armed sentence when he filed his § 2255 motion. *See* Min. Order (June 17, 2019). As a result, the parties were directed to file another joint submission explaining why this Court has jurisdiction to vacate the defendant's Rape while Armed conviction. *Id.*

In response, the parties agreed that the Rape while Armed conviction should be vacated, but conceded that whether jurisdiction lies to afford that relief under § 2255 is "not without complexity." *See* Parties' Jt. Submission ¶ 2. Despite this complexity, the defendant barely addressed the jurisdictional issue, submitting a single footnote to argue that § 2255 confers jurisdiction to vacate the Rape while Armed conviction. *See* Def.'s Pet. at 5 n.2. The government offered no assistance, submitting no briefing on the issue.

4

In the alternative, the parties jointly proposed vacating the Rape while Armed conviction through a writ of *coram nobis* if relief under § 2255 is unavailable. *See* Parties' Jt. Submission ¶ 3. To this end, the defendant filed an unopposed Petition for a Writ of Coram Nobis. *See generally* Def.'s Pet. Since the defendant's request for vacatur of his Rape while Armed conviction, through either § 2255 or a writ of *coram nobis*, is unopposed by the government, the defendant's request for relief is now ripe for resolution.

## II. DISCUSSION

The defendant seeks vacatur of his Felony Murder and Rape while Armed convictions, and a new trial on both counts, pursuant to 28 U.S.C. § 2255. *See* Jt. Proposed Order at 3. In the alternative, if § 2255 does not provide an avenue for vacatur of the defendant's fully served Rape while Armed sentence and underlying conviction, the defendant seeks that relief through a writ of *coram nobis* under 28 U.S.C. § 1651. Def.'s Pet. at 1. For the reasons stated below, this Court lacks subject matter jurisdiction to afford either form of relief as to the Rape While Armed conviction.

### A. 28 U.S.C. § 2255

The defendant seeks vacatur of his Felony Murder and his Rape while Armed convictions, and a new trial on both counts, *see* Jt. Proposed Order at 3, following the D.C. Circuit's remand for proceedings "consistent with [its] opinion," *Ausby*, 916 F.3d at 1095. The Felony Murder conviction most certainly may be vacated under § 2255 since the defendant was "in custody" under the life sentence for that conviction at the time of his § 2255 motion. *See id.* at 1091. Jurisdiction is lacking under § 2255, however, to vacate the defendant's Rape while Armed conviction because (1) the defendant was not "in custody" on the sentence for that conviction when he filed his § 2255 motion, having fully served his Rape while Armed sentence by that time; (2) relief available under § 2255 is circumscribed by the sentence under which the

5

defendant was "in custody" when he filed his § 2255 motion; and (3) the "sentencing package" doctrine does not extend so broadly to authorize vacating the defendant's expired, concurrent Rape while Armed sentence. Each of these reasons is discussed in more detail below.

First, the defendant had fully served his Rape while Armed sentence by the time he filed his § 2255 motion. *See* Def.'s Pet. at 1 ("Mr. Ausby has completed his sentence for the rape count . . . ."); *Ausby*, 916 F.3d at 1091 ("Ausby has fully served his rape sentence, leaving his life sentence for murder."). This fact poses a roadblock to the defendant's requested relief under § 2255—vacatur of his Rape while Armed conviction and a new trial on that count—because federal courts may grant § 2255 relief only when the defendant is "in custody under sentence of a court" at the time the motion collaterally attacking that sentence or underlying conviction is filed. 28 U.S.C. § 2255(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (explaining that for §§ 2241 and 2254, "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"); *United States v. Verrusio*, 758 F. App'x 2, 3 (D.C. Cir. 2019) (applying *Maleng* to § 2255). This "in custody" requirement "lie[s] at the heart of habeas corpus." *Aamer v. Obama*, 742 F.3d 1023, 1030 (D.C. Cir. 2014); *see also Verrusio*, 758 F. App'x at 3 (affirming denial of § 2255 motion because the petitioner failed "to establish that he remains a 'prisoner in custody under sentence of' a federal court" (quoting § 2255)); *Doe v. U.S. Parole Comm'n*, 602 F. App'x 530, 533 (D.C. Cir. 2015) ("[W]hether a claim sounds in habeas is closely linked to whether the plaintiff is 'in custody,' as federal courts generally are without jurisdiction to grant a writ of habeas corpus on behalf of a person who is not." (footnote omitted)); *Idema v. Rice*, No. 05-cv-2064 (EGS), 2007 WL 2020098, at *2 (D.D.C. July 12, 2007) ("The 'essence of modern habeas

6

corpus is to safeguard the individual against unlawful *custody*.'" (emphasis in original) (quoting *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988))).

The defendant protests that when he filed his § 2255 motion, the government "agreed to waive statute of limitations and procedural defenses to a claim under . . . § 2255," Def.'s Pet. at 2, and that the government to date "has not questioned the Court's ability to provide broad relief under" § 2255 "if [the defendant's] motion was granted," *id.* at 5. Whatever the government may have agreed to is immaterial on this subject matter jurisdiction issue. The "federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief" only for persons "in custody." *Maleng*, 490 U.S. at 490; *see also Verrusio*, 758 F. App'x at 3. "It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (internal quotation marks and citation omitted).

Second, when the Court expressed doubt about whether jurisdiction lies to vacate the defendant's Rape while Armed conviction, *see* Min. Order (June 17, 2019), the parties acknowledged the issue's "complexity," *see* Def.'s Pet. at 3 n.1 (noting the government's agreement), and only the defendant barely addressed the issue, claiming in a single footnote that § 2255 confers broad authority to grant relief on a sentence for which a petitioner was "not in custody" in reliance on *Carafas v. LaVallee*, 391 U.S. 234 (1968), *see* Def.'s Pet. at 5 n.2. The defendant is incorrect that relief under § 2255 is divorced from the statute's "in custody" requirement.

To start, *Carafas* cannot stand for the proposition that the defendant may obtain relief on a sentence for which he was "not in custody." That case concerned a habeas petition filed "while [the petitioner] was actually incarcerated under the sentence he sought to attack," and therefore

7

the "in custody" requirement was satisfied by the challenged sentence, notwithstanding that the petitioner left custody during the pendency of his habeas petition. *Maleng*, 490 U.S. at 491 (describing *Carafas*'s holding). Thus, contrary to the defendant's position, *Carafas* holds that habeas relief extends to the sentence for which a defendant was "in custody" at the time of his § 2255 motion, a circumstance not present for the defendant's fully served Rape while Armed sentence at issue here. *See id.*; *Verrusio*, 758 F. App'x at 3 ("The Supreme Court considers the status of a *habeas* petitioner's custody only 'at the time his [§ 2241] petition is filed,' . . . and we do the same when resolving a § 2255 motion." (alteration in original) (quoting *Maleng*, 490 U.S. at 490–91)).

Furthermore, the defendant's position that habeas relief may be extended irrespective of the "in custody" requirement is plainly wrong. The Supreme Court has explained that even though federal habeas was "liberally construed" in *Carafas*, habeas may not "extend[] to the situation where a habeas petitioner suffers no present restraint from a conviction" that has "fully expired," as is the case for the defendant's fully served Rape while Armed sentence. *Maleng*, 490 U.S. at 492; *see also Verrusio*, 758 F. App'x at 3 (affirming denial of habeas petition, explaining, "[t]he District Court first found that [the petitioner] failed to demonstrate 'custody' under § 2255. We agree."). To stretch habeas to that circumstance would "mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas," inappropriately "read[ing] the 'in custody' requirement out of the statute" and "contrary to the clear implication of" *Carafas*. *Maleng*, 490 U.S. at 492.

To be sure, the Supreme Court recognized in *Garlotte v. Fordice*, 515 U.S. 39 (1995), a case not raised by either party here, that a habeas petitioner could seek relief on an expired

sentence when he was serving a sentence consecutive to that expired sentence. Nonetheless, *Garlotte* further confirms that habeas relief is circumscribed by the sentence for which the defendant was "in custody" at the time of his § 2255 motion. *See* 515 U.S. at 41. Critically, *Garlotte* reasoned that a successful challenge on the expired sentence would result in relief "shorten[ing] [the petitioner's] term of incarceration," *id.* at 47, and as a result, his "consecutive sentences," including the expired sentence, were to be viewed in "the aggregate, not as discrete segments," *id.* Hence, there, the habeas petitioner could challenge his expired sentence because he "remain[ed] 'in custody' under all of his sentences until all [we]re served." *Id.* at 41. The Supreme Court, however, again reinforced that habeas relief would not extend "to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 45 (quoting *Maleng*, 490 U.S. at 492).

Here, in stark contrast to the expired consecutive sentence in *Garlotte*, the defendant's fully served, concurrent Rape while Armed sentence posed no restraint on the defendant that rendered him "in custody" when he filed his § 2255 motion, and thus relief may not be afforded on that sentence under § 2255. Indeed, vacatur of the defendant's fully served, concurrent Rape while Armed sentence is not available under § 2255 because "[e]ven if successful, invalidation of an expired concurrent sentence will have no effect on the ultimate length of incarceration." *Bowling v. White*, 694 F. App'x 1008, 1015 n.5 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1553 (2018) (explaining *Garlotte* does not apply to an "expired concurrent sentence"); *see also Mays v. Dinwiddie*, 580 F.3d 1136, 1137 (10th Cir. 2009) (reasoning that *Garlotte* "is not wide enough to cover a now-expired sentence that was imposed concurrently with sentences that a habeas petitioner continues to serve"); *Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009) ("*Garlotte*'s holding is applicable only to consecutive sentences, not to concurrent ones.");

9

*Hurdle v. Sheehan*, No. 13-cv-6837 (RJS), 2016 WL 4773130, at *3 (S.D.N.Y. Sept. 12, 2016) (collecting cases for the proposition that "[w]here . . . a prisoner serving a series of *concurrent* sentences challenges a shorter sentence that has already expired, the prisoner is no longer 'in custody' on the shorter sentence, even if he remains in custody under a longer sentence, since 'a successful habeas action resulting in a vacated concurrent sentence would have no effect on [the prisoner's] release date from his other conviction and sentence.'" (emphasis in original) (quoting *Sweet*, 345 F. App'x at 482)).

Third, the defendant turns to "sentencing package" cases, contending that relief under § 2255 need not be "limited to the counts challenged in the original [habeas] petition." Def.'s Pet. at 5 n.2. In the defendant's view, because the Rape while Armed and Felony Murder convictions were part of the same "judgment," and he was "in custody" on the Felony Murder conviction when he filed his § 2255 motion, § 2255(b) confers authority to afford relief on "any count" that was part of that "judgment" or "sentencing package." *See id.* The defendant's argument misconstrues case law relevant to the "sentencing package" doctrine.

As a threshold matter, the "sentencing package" doctrine may not be applied to the defendant's fully served, concurrent sentence for Rape while Armed sentence. The "sentencing package" doctrine treats consecutive sentences on distinct counts as an aggregate "sentence" under which the defendant is "in custody," and as discussed *infra*, expired concurrent sentences may not be treated as such under § 2255. *See United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (explaining that the "sentencing package" doctrine is rooted in the Supreme Court's holding that "for jurisdictional purposes, consecutive sentences must be viewed in the aggregate" (citing *Garlotte*, 515 U.S. at 39)); *United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997)

10

(treating interdependent, consecutive sentences as an aggregate, single "sentence" under which the defendant was in custody).

Furthermore, the "sentencing package" doctrine typically comes into play in the habeas context when a petitioner asks the Court to "resentence" him or "correct" the challenged sentence "as may appear appropriate," two of the remedies available under § 2255(b). *See, e.g.*, *Morris*, 116 F.3d at 504. In this case, the defendant does not request a resentencing or correction of the Felony Murder sentence, for which he was "in custody" when he filed his § 2255 motion, but rather seeks a "new trial," a completely different remedy available under § 2255(b). *See* 28 U.S.C. § 2255(b) ("[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."). Thus, the "sentencing package" doctrine is wholly inapplicable here.

Next, even if the "sentencing package" doctrine could be grafted onto the defendant's request for relief in the form of a "new trial" for his Felony Murder conviction, the defendant stretches this theory beyond its limits by arguing that the "sentencing package" doctrine then authorizes relief on "any count in the sentencing package even though the defendant had challenged only one of his convictions." Def.'s Pet. at 5 n.2. As the D.C. Circuit has explained, "in some instances, sentences on multiple counts may comprise a 'sentencing package,' so that attacking the sentence on some counts via § 2255 reopens the sentence on the other counts as well." *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999). Yet, despite the "singularity of the judgments under which" a defendant is imprisoned, *Morris*, 116 F.3d at 504, "not every judgment involving multiple convictions presents a sentencing package in which vacating the sentence on one count unravels the remaining sentences," *United States v. Palmer*, 854 F.3d 39, 49 (D.C. Cir. 2017), *cert. denied*, 138 S. Ct. 286 (2017).

11

The critical inquiry for the applicability of the "sentencing package" doctrine "rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). Put another way, the "sentencing package" doctrine applies when vacatur of a challenged conviction requires revisiting other counts to "resentence" the defendant, or to "correct" a sentence, since the punishment for the challenged sentence is not reflected solely in "the punishment for [that] single count," *Morris*, 116 F.3d at 504. Thus, when the determinations of multiple sentences are "in no way interdependent," the sentences may not be reviewed as an aggregate, and the "sentencing package doctrine . . . affords no apparent basis for any resentencing on the other counts" not challenged. *Smith*, 467 F.3d at 790. For instance, when "several concurrent life terms" for a group of convictions were imposed, and then, "once the package was complete," a further "consecutive 30–year term" for a separate conviction was imposed, the D.C. Circuit ruled that the group of life sentences and the 30–year term "were in no way interdependent" and in consequence, the "sentencing package" doctrine did not apply. *Id.*

Here, the record does not establish that the presiding judge's determination of the 10 to 30 year concurrent Rape while Armed sentence was interdependent on the defendant's life sentence for Felony Murder. *See generally* Sentencing Tr. (Nov. 22, 1972). Rather, the presiding judge imposed a life sentence for Felony Murder, and once that was complete, further imposed a concurrent 10 to 30 year term for the Rape while Armed conviction. *See id.* at 7 ("On the first count in which you were found guilty, felony murder, the Court will sentence you for a period of life imprisonment. On the second count, carnal knowledge while armed, the Court will sentence you for a period of ten to thirty years."). These two sentences were thus "in no way

12

interdependent." *Smith*, 467 F.3d at 790.  Rote application of the sentencing package doctrine, assuming it could apply here, therefore, does not permit reaching the defendant's Rape while Armed conviction based on his successful challenge to the Felony Murder conviction appropriately before the Court.

Last, the broader principle underlying the "sentencing package" doctrine—that affording relief on a challenged count requires revisiting other counts due to their interdependence—does not justify relief on the defendant's Rape while Armed conviction.  Vacating the Felony Murder conviction and holding a new trial on that count does not require revisiting and vacating the Rape while Armed conviction.  Accordingly, the "sentencing package doctrine" does not confer jurisdiction to vacate the defendant's Rape while Armed sentence.  The defendant's request for vacatur of his Rape while Armed sentence under § 2255 is therefore denied.[1]

### B. Writ of *Coram Nobis*

In the alternative to his request for relief through § 2255, the defendant requests a writ of *coram nobis* to vacate his Rape while Armed conviction.  *See generally* Def.'s Pet.  The defendant's petition for a writ of *coram nobis* is also denied for lack of jurisdiction, since the defendant has (1) failed to identify an injury in fact; and (2) even if the defendant had identified an injury in fact, he has failed to explain how a writ of *coram nobis* would remedy any alleged harm.  After a discussion of the legal framework for writs of *coram nobis*, each of these reasons is discussed in turn.

---

[1] The defendant further claims that *United States v. Silvers*, 90 F.3d 95, 101 (4th Cir. 1996), may be construed to support the proposition that § 2255 authorizes relief on his fully served Rape while Armed Sentence here.  *See* Def.'s Pet. at 5 n.2.  This argument does not merit substantial discussion because the defendant overlooks that the Fourth Circuit has, to the contrary, explained that *Silvers* is "consistent with reading the in-custody 'sentence' at the beginning of § 2255 as congruent with the 'sentence' to which the district court's remedial power extends." *Hillary*, 106 F.3d at 1173.  "Inasmuch as the petitioner in *Silvers* was no longer 'in custody' under his discharged consecutive sentences, the court had no § 2255 jurisdiction to disturb them . . . ." *Id.*

"[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The writ of *coram nobis* is "an extraordinary tool to correct a legal or factual error," *id.* at 912–13, and "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241," *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) (internal quotation marks omitted) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). "[J]udgment finality," however, "is not to be lightly cast aside," and "courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *Denedo*, 556 U.S. at 916.

"In American jurisprudence the precise contours of *coram nobis* have not been 'well defined,'" *id.* at 910 (quoting *Bronson v. Schulten*, 104 U.S. 410, 416 (1881)), and "the D.C. Circuit's precedent in this area is thin," *United States v. Williams*, 630 F. Supp. 2d 28, 32 (D.D.C. 2009). Nonetheless, "[a]s the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *Denedo*, 556 U.S. at 911; *see also Verrusio*, 758 F. App'x at 3–4 (affirming district court's dismissal of *coram nobis* petition for "lack of Article III standing"). Thus, despite the parties' consensus that a writ of *coram nobis* should issue here, *see* Def.'s Pet. at 1, the case or controversy requirement of Article III imposes on the Court an "independent obligation to be sure of [its] jurisdiction,'" since "Article III standing is jurisdictional," *Am. Rivers v. FERC*, 895 F.3d 32, 40 (D.C. Cir. 2018) (internal quotation marks and citation omitted).

14

"[C]ourts have articulated several factors that may bear on the propriety of granting" a writ of *coram nobis*, *Newman*, 805 F.3d at 1146, but traditionally consider whether "adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III," *United States v. Verrusio*, No. 09-cr-64 (BAH), 2017 WL 1437055, at *8 (D.D.C. Apr. 21, 2017), *aff'd*, 758 F. App'x at 2 (collecting cases, including *United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013), and *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007)); *see also Verrusio*, 758 F. App'x at 4 ("declin[ing] to disturb" district court's dismissal of "*coram nobis* petition for lack of Article III standing"); *Newman*, 805 F.3d at 1146 (taking note of the factors considered for *coram nobis* petitions in *Faison* and *Riedl*, which cases included the Article III standing requirement). Furthermore, even if the defendant shows an "actual or threatened injury" in the form of "adverse consequences," Article III further requires a defendant to show "that the injury is likely to be redressed" by issuance of a writ of *coram nobis*. *Rossini v. United States*, No. 08-692 (JMF), 2014 WL 5280531, at *4 (D.D.C. Oct. 14, 2014); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–62 (1992) (explaining that "the irreducible constitutional minimum of standing" includes "injury in fact," "causation," and "redressability"); *Verrusio*, 758 F. App'x at 4 (affirming denial of writ of *coram nobis* for lack of redressability).

Here, the defendant has neither established that he suffers an injury in fact, nor that any such injury would be redressed by issuance of the writ. First, for injury in fact, the defendant does not dispute that "adverse consequences [must] exist from the conviction sufficient to satisfy the case or controversy requirement of Article III." *See* Def.'s Pet. at 4; *see also Verrusio*, 2017 WL 1437055, at *8 (collecting cases). The defendant, however, contends, in a mere two sentences, that he remains injured by his Rape while Armed conviction because even though he has "fully served" his sentence on this conviction, Def.'s Pet. at 4 (quoting *Ausby*, 916 F.3d at

1091), "he continues to face collateral consequences," *id*. This bare assertion of "collateral consequences" falls far short of establishing Article III standing, for which a party's claims must "spring from an 'injury in fact'—an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent.'" *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan*, 504 U.S. at 560–61). The defendant's alleged injury here is neither concrete nor particularized. Rather, the defendant's passing and conclusory reference to "collateral consequences" is entirely ambiguous, and he fails to elaborate.

Second, even if the defendant had established an injury in fact, which he has not, the defendant has not shown how that injury would be redressed by issuance of a writ of *coram nobis*. To meet the requirements of Article III, a defendant must show that his "injury is likely to be redressed by a favorable action." *Rossini*, 2014 WL 5280531, at *4; *see also Lujan*, 504 U.S. at 560–62 (explaining that "the irreducible constitutional minimum of standing" includes "redressability"). Accordingly, the defendant bears the burden of establishing that a writ of *coram nobis* would "eliminate the claimed collateral consequence and bring about the relief sought." *United States v. George*, 676 F.3d 249, 256 n.3 (1st Cir. 2012); *see also Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (stating that a *coram nobis* petitioner must show that he "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ" (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996))).

In this case, the defendant intimates, solely through a citation to *Carafas*, with no explanation of that case's significance, that the "collateral consequences" he faces from his Rape while Armed conviction are unidentified civil disabilities. *See* Def.'s Pet at 4. Although the defendant fails to explain this point, *Carafas* noted certain civil "disabilities" that a petitioner suffered "[i]n consequence of his conviction," citing for example that the petitioner could not

16

"engage in certain businesses, . . . serve as an official of a labor union for a specified period of time; . . . vote in any election held in New York State . . . [or] serve as a juror." *Carafas*, 391 U.S. at 237.

To the extent the defendant meant to argue, solely by his unexplained citation to *Carafas*, that his injuries are certain civil disabilities attendant to his Rape while Armed conviction, vacatur of this conviction would not provide any redress, because the defendant remains a convicted felon for the murders of Mses. Sharon Tapp and Sherry Frahm, convictions the defendant has never challenged. *See Verrusio*, 758 F. App'x at 3–4 (declining to disturb district court's dismissal of *coram nobis* petition for lack of Article III standing, where district court concluded vacatur of challenged convictions would not redress collateral consequences of challenged convictions since another conviction would remain untouched). Accordingly, the defendant's petition for a writ of *coram nobis* is dismissed for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the defendant's Felony Murder conviction shall be vacated. Jurisdiction is lacking, however, to vacate the defendant's Rape while Armed conviction, through either 28 U.S.C. § 2255 or a writ of *coram nobis*. Accordingly, the defendant's Petition for Writ of Coram Nobis Vacating Conviction for Rape while Armed is DENIED.

An appropriate order accompanies this Memorandum Opinion.

Date: July 3, 2019

_____
BERYL A. HOWELL
Chief Judge