UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN MILTON AUSBY,<br><br>Defendant. | Criminal Action No. 72-67 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The defendant, John Milton Ausby, seeks reconsideration of the portion of this Court's ruling entered on July 3, 3019, *see United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2870232 (D.D.C. July 3, 2019), that denied his motion to vacate his 1972 rape while armed conviction. *See* Def.'s Mot. to Reconsider Denial of Vacatur of Rape Conviction ("Def.'s Mot."), ECF No. 59. As support for reconsideration, the defendant asserts that the Court "clearly erred in determining it lacked jurisdiction" to vacate the conviction under either 28 U.S.C. § 2255 or a writ of *coram nobis*. *Id*. at 1. In addition, he argues that the Court is bound to vacate his rape conviction by the D.C. Circuit's mandate in *United States v. Ausby*, 916 F.3d 1089 (D.C. Cir. 2019). *Id*. at 2. For the reasons explained below, the defendant's Motion to Reconsider is denied.

**I. BACKGROUND**

The full factual and procedural background for this case has been set out in prior decisions, *see Ausby*, 916 F.3d at 1090–92; *Ausby*, 2019 WL 2870232, at *1–3; and *United States v. Ausby*, 275 F. Supp. 3d 7, 8–24 (D.D.C. 2017), *rev'd and remanded*, 916 F.3d at 1095, and thus only a brief review of the facts is provided here. The defendant was originally tried and

1

convicted by a jury in 1972, on one count of felony murder and one count of rape while armed, for the rape and murder of Deborah Noel. *Ausby*, 916 F.3d at 1091. He was then sentenced to life in prison on the felony murder conviction and received a concurrent sentence of 10 to 30 years for his rape while armed conviction. *Id.*; *United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2452988, at *1 (D.D.C. June 11, 2019). The defendant was also convicted at a separate trial, in 1973, of murdering two other women, Sharon Tapp and Sherry Frahm; for these murder convictions he was sentenced to 30-year sentences to run concurrently with his sentence for the rape and murder of Noel. *Ausby*, 2019 WL 2452988, at *1. He remains incarcerated solely for the felony murder conviction as to Noel. *Id.*

In 2015, the government notified the defendant that expert hair testimony used in his original trial was "false or misleading," and "waived any statute of limitations and procedural-default defenses in the event [the defendant] sought relief under 28 U.S.C. § 2255." *Ausby*, 916 F.3d at 1092. In 2016, the defendant filed a Motion to Vacate Conviction under 28 U.S.C. § 2255, arguing that "the government's knowing presentation of false and misleading expert hair examination testimony" violated the Due Process Clause of the Fifth Amendment and required vacatur of "Mr. Ausby's conviction" under the standard set out in *Napue v. Illinois*, 360 U.S. 264 (1959). Def.'s Mot. to Vacate Conviction under 28 U.S.C. § 2255, at 1, ECF No. 2. The defendant's § 2255 motion was denied after this Court concluded that the "overwhelming evidence against him" left no "reasonable likelihood" that the outcome would have been different without the false hair evidence. *Ausby*, 275 F. Supp. 3d at 32 (internal quotation marks and citation omitted). The D.C. Circuit reversed, finding that the forensic expert's false hair-matching testimony "could . . . have affected the judgment of the jury." *Ausby*, 916 F.3d at 1090 (alteration in original) (internal quotation marks omitted) (quoting *Napue*, 360 U.S. at 271).

In coming to that conclusion, the D.C. Circuit explained that under § 2255, "[a] federal prisoner may move to have his sentence vacated . . . if 'the sentence was imposed in violation of the Constitution or laws of the United States,'" *id.* at 1092 (quoting § 2255(a)), and noted that the defendant had "fully served his rape sentence, leaving his life sentence for murder," *id.* at 1091. Then, upon finding a *Napue* violation, the D.C. Circuit ruled that this Court "should have granted [the defendant's] § 2255 motion to vacate his conviction," *id.* at 1095, and "remanded for proceedings consistent with [its] opinion" to afford appropriate relief, *id.* The defendant did not, and has not, challenged his separate convictions in 1973 for the murders of Sharon Tapp and Sherry Frahm, sentences he has also fully served. *Ausby*, 2019 WL 2452988, at *7.

On remand, the government sought to proceed with a new trial, *see* Min. Entry (Apr. 12, 2019), and the parties were directed to file a joint proposed order to effectuate the D.C. Circuit's mandate, *see* Min. Order (June 7, 2019). The parties proposed vacatur of both of the defendant's convictions. *See* Jt. Filing: Proposed Order Vacating the Conviction, Att. 1 ("Jt. Proposed Order") at 3, ECF No. 34-1. Upon consideration of the parties' response, the Court questioned *sua sponte* whether jurisdiction existed to vacate the defendant's rape while armed conviction under § 2255, since both the Verdict Form and the Judgment & Commitment Order reflect two convictions, on two distinct charges, for rape while armed and for felony murder, and the defendant had fully served his rape while armed sentence at the time he filed his § 2255 motion. *See* Min. Order (June 17, 2019). The parties were directed to explain why jurisdiction to vacate the defendant's rape while armed conviction was proper. *Id*. In response, the parties agreed that the conviction should be vacated, *see* Jt. Submission Regarding Def.'s Conviction for Rape ("Parties' Jt. Submission") ¶ 1, ECF No. 40, but neither party addressed the jurisdictional issue in detail. The defendant argued in a footnote that § 2255 conferred jurisdiction, *see* Def.'s

3

Petition for Writ of Coram Nobis Vacating Conviction for Rape While Armed ("Def.'s Pet.") at 5 n.2, ECF No. 41, while the government submitted no briefing on the issue. In the alternative, the parties jointly proposed vacating the rape while armed conviction through a writ of *coram nobis*. *See* Parties' Jt. Submission ¶ 3. To that end, the defendant filed an unopposed Petition for a Writ of Coram Nobis. *See generally* Def.'s Pet.

Upon consideration of these filings, this Court vacated the defendant's felony murder conviction, but declined to vacate his rape conviction. *Ausby*, 2019 WL 2870232, at *8. The defendant has filed a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court's denial of vacatur of the rape conviction was clear error. Def.'s Mot. at 1. Following a hearing held on September 19, 2019, that motion is now ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file "[a] motion to alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As the D.C. Circuit has explained, alteration under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1 (3d ed. 2012)). Thus, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217

(D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Whether to grant a Rule 59(e) motion is within the district court's discretion. *Mohammadi*, 782 F.3d at 17.

## III. DISCUSSION

In urging reconsideration under Rule 59(e), the defendant argues that the denial of his *coram nobis* petition was erroneous for three reasons. First, he claims that the Court has subject-matter jurisdiction to vacate his rape conviction under § 2255 because this conviction was "intimately related" to his felony murder conviction. Def.'s Mot. at 12. Second, he argues that his *coram nobis* petition should have been granted because presumed and actual collateral consequences attend his rape conviction. *See id.* at 13–18. Third, he argues that the mandate rule requires that his rape conviction be vacated. *See id.* at 18–19. Each of these arguments is addressed in turn.

### A. Ruling That This Court Lacked Jurisdiction to Vacate the Defendant's Rape Conviction Under 28 U.S.C. § 2255 Is Not in Error

The defendant argues that in denying vacatur of his rape conviction for lack of jurisdiction, the Court misapplied *Maleng v. Cook*, 490 U.S. 488 (1989), and the "in custody" requirement for relief under §2255. Def.'s Mot. at 10–13. According to the defendant, jurisdiction may be exercised to vacate "a sentence for which the petitioner is no longer in custody" as long as said petitioner is still in custody "on a closely related challenged sentence." Def.'s Mot. at 11. To support this claim, the defendant cites *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001) and *Daniels v. U.S.*, 532 U.S. 374 (2001), as well as two Seventh-Circuit decisions, *Martin v. Deuth*, 298 F.3d 669 (7th Cir. 2002), and *Stanbridge v. Scott*, 791 F.3d 715 (7th Cir. 2015).[1]

---

[1] Straightforward application of Rule 59(e) would preclude consideration of this argument, which was not raised in the parties' Joint Submission Regarding Defendant's Conviction for Rape, ECF No. 40, or the defendant's original Petition for Writ of Coram Nobis Vacating Conviction for Rape While Armed, ECF No. 41. That petition

These cases do not support the ruling the defendant desires, however. *Lackawanna* and *Daniels* concerned prior state convictions used to enhance subsequent federal sentences, and in both cases, the Supreme Court ruled that federal habeas power could *not* be used to challenge the fully served prior state conviction. *See Lackawanna*, 532 U.S. at 396–97; *Daniels*, 532 U.S. at 376. While the Supreme Court grounded these rulings in "the need for finality of convictions and ease of administration," *Lackawanna*, 532 U.S. at 402, they do not, as the defendant suggests, undermine the "in custody" requirement laid down in *Maleng*. The Seventh Circuit opinions cited by the defendant, meanwhile, confirm rather than undermine the "in custody" requirement. *See, e.g.*, *Stanbridge*, 791 F.3d at 718 ("Federal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (holding that the custody requirement is jurisdictional)."); *Martin*, 298 F.3d at 671 ("The district courts have jurisdiction to hear state prisoner habeas petitions only from persons who are 'in custody pursuant to the judgment of a State court…' 28 U.S.C. §2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).").

As explained in this Court's original ruling, "federal courts may grant § 2255 relief only when the defendant is 'in custody under sentence of a court' at the time the motion collaterally attacking that sentence or underlying conviction is filed." *Ausby*, 2019 WL 2870232, at * 3 (citing § 2255(a); *Maleng*, 490 U.S. at 490-91; *United States v. Verrusio*, 758 F. App'x 2, 3 (D.C. Cir. 2019)). When a prior, allegedly unlawful conviction is used to enhance the penalty

---

was unopposed, however, and thus the defendant's newly raised arguments are addressed on the merits. *See* Rough Transcript of Hearing (Sept. 19, 2019) ("H'rg Tr. (Rough)") at 3:6-4:3 (defense counsel explaining that since the defendant's original *coram nobis* petition was unopposed, he believed fully briefing of any arguments regarding subject matter jurisdiction under § 2255 was unnecessary, despite the Court's express query about the issue). All citations to the September 19, 2019 hearing transcript cite to a rough draft of the transcript, since no final transcript is yet available. Discrepancies in page numbers between the rough and any final transcript may exist.

for a subsequent conviction, a defendant can challenge the subsequent sentence, provided he or she is "in custody" serving that sentence. *Lackawanna*, 532 U.S. at 401–2. Yet the same defendant "in custody" on the subsequent sentence cannot seek to overturn the prior conviction. *Id*. at 402; *Daniels*, 532 U.S. at 382. In this case, jurisdiction was lacking to vacate the defendant's rape conviction because the defendant was no longer "in custody" pursuant to that conviction when he filed his § 2255 claim. Further, the rape conviction was not used to enhance a subsequent sentence, as was the case in *Lackawanna* and *Daniels*. Even if it had been, the Supreme Court's holdings in those cases—refusing to allow a collateral attack on the prior conviction—counsel against the defendant's requested relief. Thus, the defendant has not shown that this Court's ruling was "clear error," as required for reconsideration under Rule 59(e).

**B. The Collateral Consequences Alleged by the Defendant Are Insufficient to Warrant Reconsideration of his *Coram Nobis* Petition**

Second, the defendant asserts that denial of his *coram nobis* petition for failure to meet the standing requirements of Article III, that is, for failure to allege a concrete, redressable injury, is also wrong. The defendant's core argument in this regard is that collateral consequences are presumed to attend a criminal conviction, even when the sentence has expired, and that he therefore did have standing to bring a *coram nobis* petition. Def.'s Mot. at 13–15. As the defendant correctly points out, the Supreme Court recognized such a presumption in *Sibron v. New York*, 392 U.S. 40, 55–57 (1968). *Sibron*, however, involved a direct appeal, not a collateral attack on a conviction, let alone a *coram nobis* petition. The defendant in *Sibron* sought to challenge the constitutionality of a warrantless search, yet before he could do so, his six-month sentence expired, rendering the appeal moot. *Id*. at 50. Concerned that "deep and abiding constitutional problems" could be insulated from review "in the context of prosecutions for 'minor' offenses which carry only short sentences," *id*. at 52, particularly in a state legal

regime that denied bond pending appeal, *id.*, the Supreme Court held that Sibron's appeal was not moot, *id.* at 58. Yet in so doing, the Supreme Court did not hold that presumed collateral consequences are sufficient to establish standing for purposes of *coram nobis*. The burden-shifting analysis derived from *Sibron* and urged by the defendant, *see* Def.'s Mot. at 15, is therefore misplaced.

The writ of *coram nobis* is an "extraordinary remedy" issued "only in extreme cases." *United States v. Danedo*, 556 U.S. 904, 916 (2009). Rather than simply presuming collateral consequences, courts considering a *coram nobis* petition assess whether "adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III." *United States v. Verrusio*, No. 09-cr-64 (BAH), 2017 WL 1437055, at *8 (D.D.C. Apr. 21, 2017), *aff'd*, 758 F. App'x at 2 (collecting cases, including *United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013), and *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007)); *see also Verrusio*, 758 F. App'x at 4 ("declin[ing] to disturb" district court's dismissal of "*coram nobis* petition for lack of Article III standing"); *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) (taking note of the factors considered for *coram nobis* petitions in *Faison* and *Riedl*, which cases included the Article III standing requirement). The Fifth, Seventh, and Tenth Circuits similarly require that a defendant show actual, rather than presumed, injury to bring a *coram nobis* petition. *See United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992) ("A petitioner may obtain this writ [*coram nobis*] only upon 'demonstrat[ing] that he is suffering civil disabilities as a consequence of the criminal conviction and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)); *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988) ("[Petitioner] must demonstrate that the judgment of conviction produces lingering civil

disabilities (collateral consequences)."); *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996) ("a *coram nobis* petitioner must demonstrate 'that he is suffering civil disabilities as the result of the criminal conviction.'" (quoting *United States v. Bruno*, 903 F.2d 393, 396 (5th Cir. 1990)).

Furthermore, even if the defendant shows an "actual or threatened injury" in the form of "adverse consequences," Article III also requires a defendant to show "that the injury is likely to be redressed" by issuance of a writ of *coram nobis*. *Rossini v. United States*, No. 08-692 (JMF), 2014 WL 5280531, at *4 (D.D.C. Oct. 14, 2014); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–62 (1992) (explaining that "the irreducible constitutional minimum of standing" includes "injury in fact," "causation," and "redressability"); *Verrusio*, 758 F. App'x at 4 (affirming denial of writ of *coram nobis* for lack of redressability).

In his original, unopposed *coram nobis* petition, the defendant only alleged presumed collateral consequences. *See* Def.'s Pet. at 4. In particular, the defendant referred impliedly to the collateral consequences discussed by the Supreme Court in *Carafas v. LeVallee*, 391 U.S. 234, 237 (1968), such as a loss of voting and jury-service rights. The defendant's Motion to Reconsider adds to this claim, arguing that the defendant's rape conviction "likely could have an adverse effect on, among other[] [rights], his ability to vote, [and] to serve on a jury…" Def.'s Mot. at 14. Rather than alleging that he is actually suffering from one or more of these disabilities as a result of his rape conviction, however, the defendant argues that their eventual likelihood of applying to him should be presumed. Yet, as explained above, courts do not presume collateral consequences in assessing standing for purposes of *coram nobis*, and thus this argument fails.

Even if presumed consequences were sufficient, the defendant's argument would fail to meet the additional requirement of redressability. After all, any of the cited civil disabilities imposed because of the defendant's expired rape conviction would similarly be imposed for the defendant's two separate murder convictions, which, as noted, have not been challenged. *Ausby*, 2019 WL 2452988, at *7.

In his motion for reconsideration, the defendant also asserts that he will suffer actual adverse consequences as a result of his rape conviction because he will be required to register as a sex offender. *See* Def.'s Mot. at 17. Rape is a registration offense under both the D.C. Sex Offender Registration Act, *see* 22 D.C. Code § 4001(6)(A), and the federal Sex Offender Registration and Notification Act, *see* 34 U.S.C. §§ 20911(1), 20911(5)(A)(i). The defendant does not allege, however, that he has been required to register as a sex offender under either act. The possibility that he might be so required in the future is insufficient, at this stage, to meet the requirements of Article III standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (explaining that an injury in fact "must be actual or imminent, not 'conjectural' or 'hypothetical.'" (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Were the defendant to be released, and were he then required to register as a sex offender, he might then have a concrete claim, as the government concedes. H'rg Tr. (Rough) at 16:7–17:12. At this stage, however, the alleged harm is speculative, and the Court's original determination—that the defendant lacks standing to challenge his rape conviction through a writ of *coram nobis*—remains correct.

### C. The Mandate Rule Does Not Warrant Reconsideration

Finally, the defendant asserts that the D.C. Circuit's mandate requires vacatur of his rape conviction. The mandate rule prevents a district court from disregarding the directions of an

10

appellate court. *See Independent Petroleum Ass'n of America v. Babbitt*, 235 F.3d 588, 597 (D.C. Cir. 2001). Indeed, in conformity with the mandate in this case, the Court directed the parties to submit jointly a proposed order reflecting the Circuit's mandate. *See* Min. Order (June 7, 2019). This Court's decision not to vacate the defendant's rape conviction was wholly in line with the mandate. The D.C. Circuit clearly directed vacatur of the defendant's felony murder conviction, and, other than noting the expiration of his rape sentence, was silent as to any vacatur of the rape conviction. Explaining the challenge at hand, the Circuit wrote: "Ausby has fully served his rape sentence, leaving his life sentence for murder." *Ausby*, 916 F.3d at 1091. Then, using the singular term "conviction" rather than the plural "convictions," the Circuit further noted that the defendant had "moved to vacate his conviction under 28 U.S.C. § 2255(a)." *Id.* at 1092. It was not misleading, as the defendant now maintains, *see* Def's Mot. at 18, to consider these factual statements. Read holistically, they sharpen the Circuit's ultimate legal conclusion: "the district court should have granted Ausby's § 2255 motion to vacate his conviction." *Ausby*, 916 F.3d at 1095. Here too, the singular term is used.[2] The Circuit only directed vacatur of the defendant's conviction for felony murder, and this Court complied with the Circuit's mandate by vacating that conviction.

---

[2] The defendant's original motion challenging his conviction pursuant to 28 U.S.C. § 2255 similarly uses the singular term "conviction," and appears limited to seeking vacatur only of his conviction for felony murder. *See, e.g.*, Def.'s Motion to Vacate Conviction Under 28 U.S.C. § 2255, at 1, ECF No. 2 ("John Milton Ausby, a federal prisoner at FCI Williamsburg under sentence of this Court, moves this Court, pursuant to 28 U.S.C. § 2255(a), to vacate his judgment of conviction and life sentence of November 22, 1972."); *id.* ("this Court should vacate Mr. Ausby's conviction…"); *id.* at 5 ("Mr. Ausby respectfully requests that the Court grant his Motion, vacate his conviction and sentence related to the death of Deborah Noel, and grant him a new trial."). The defendant's memorandum in support of his motion confusingly oscillates between referring to vacatur of a single conviction for felony murder and to the rape conviction too. *Cf.* Def.'s Mem. Pts & Auth. Supp. Mot. To Vacate Conviction, at 4, ECF No. 2 ("The Court thus should vacate the convictions handed down against Mr. Ausby in August 1972…"); *id.* at 36 ("The Court thus should vacate Mr. Ausby's convictions and grant him a new trial.") *with id.* at 21 ("Mr. Ausby's conviction must be vacated…"); *id.* at 23 ("If so, the conviction must be vacated."); *id.* at 36 ("Mr. Ausby's due process right to a fair trial … was therefore violated, and his conviction must be vacated.").

11

In addition, the defendant argues that the mandate rule was violated by consideration of subject-matter jurisdiction. Def.'s Mot. at 19 (arguing that "there is no reason to doubt that the D.C. Circuit considered its own jurisdiction and that of this Court and determined this Court has the power to grant relief on both counts."). The mandate rule does apply to jurisdictional issues, *Independent Petroleum Ass'n*, 235 F3d. at 597, but as the D.C. Circuit has explained, "courts are 'not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*.'" *Id.* (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952)). To be sure, the Circuit's decision necessarily implies jurisdiction as to the defendant's felony murder conviction, but by no means does it address, implicitly or explicitly, the more complex jurisdictional issue as to the defendant's rape conviction. *See generally Ausby*, 916 F.3d 1089). Accordingly, no violation of the Circuit's mandate or other error occurred by consideration of the jurisdictional issue on remand.

Finally, the defendant argues that the government "affirmatively waived" and should now be estopped from supporting any argument questioning the Court's subject-matter jurisdiction with regard to the defendant's rape conviction. Def.'s Reply to Government's Response to Def.'s Mot. to Reconsider Denial of Vacatur of Rape Conviction at 5, ECF No. 67. This argument is inapposite because subject-matter jurisdiction, as the Supreme Court has clearly stated, "'can never be forfeited or waived.'" *Union Pacific R.R Co. v. Brotherhood of Locomotive Eng'r & Trainmen Gen. Comm. Of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). The fact that the government did not contest jurisdiction at an earlier stage in the proceedings does not mean, for purposes of the defendant's Motion to Reconsider, that by raising the issue *sua sponte*, this Court erred.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Reconsider Denial of Rape Conviction is DENIED. An order consistent with this Memorandum Opinion will be entered contemporaneously.

Date: September 27, 2019

_____
BERYL A. HOWELL
Chief Judge