# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 72-67 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| JOHN MILTON AUSBY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The defendant, John Milton Ausby, seeks dismissal of the indictment against him for felony murder, *see* Gov't's Notice of Filing of Indictment (Retyped) ("Indictment (Retyped)"), ECF No. 48, on double-jeopardy grounds, arguing that his 1972 rape while armed conviction for the rape of Deborah Noel on December 14, 1971, for which conviction the defendant has already completed his thirty-year term of imprisonment, bars his retrial for the murder of this victim following vacatur of his felony murder conviction on collateral review. Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 60; *see United States v. Ausby*, 916 F.3d 1089 (D.C. Cir. 2019) (granting defendant's habeas petition, under 28 U.S.C. § 2255, upon finding that forensic hair matching testimony used in the defendant's original trial violated *Napue v. Illinois*, 360 U.S. 264 (1959)).[1] The defendant is mistaken and, accordingly, this motion is denied.[2]

---

[1] The full factual and procedural background for this case has been set out in prior decisions and thus is not repeated here. *See Ausby*, 916 F.3d at 1090–92; *United States v. Ausby*, 275 F. Supp. 3d 7, 8–24 (D.D.C. 2017), *rev'd and remanded*, 916 F.3d at 1095 (denying defendant's motion for a new trial under 28 U.S.C. § 2255); *United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2452988, at *1–2 (D.D.C. June 11, 2019) (denying defendant's motion for pretrial release); *United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2870232, at *1–3 (D.D.C. July 3, 2019) (holding that Court lacked jurisdiction to vacate the defendant's expired rape conviction through either 28 U.S.C. § 2255 or a writ of *coram nobis*).

[2] A hearing on the instant motion and other pending defense motions was held on September 19, 2019. Min. Entry (Sept. 19, 2019).

**I.     DISCUSSION**

The defendant reasons that the Double Jeopardy Clause of the Fifth Amendment bars his retrial on felony murder because the separate charges of rape and felony murder predicated on rape are treated as a single offense for double-jeopardy purposes. Def.'s Mot. at 8–9. Consequently, the defendant posits, retrial for the greater offense of felony murder is barred, since his conviction for the lesser-included offense of rape still stands. *Id.* at 10–12.[3]

**A.     Double Jeopardy Generally**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Among its protections, the Clause forbids the government from pursuing "a second prosecution for the same offense" after either an acquittal or conviction, *United States v. Wilson*, 420 U.S. 332, 343 (1975) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), as well as "successive prosecution and cumulative punishment for a greater and lesser included offense," *Brown v. Ohio*, 432 U.S. 161, 169 (1977). As to the latter prohibition, determination of whether two offenses should be considered greater and lesser included offenses for purposes of double jeopardy relies on the elements test elucidated in *Blockburger v. United States*, 284 U.S. 299 (1932). *Brown*, 432 U.S. at 166. Under this elements test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. In the absence of an explicit legislative intent to the contrary, offenses that fail this test, *i.e.*, offenses that do not each

---

[3] On remand from the D.C. Circuit, the defendant's motion to vacate his rape conviction was denied for lack of jurisdiction to do so under either 28 U.S.C. § 2255 or a writ of *coram nobis*. *Ausby*, 2019 WL 2870232, at *8; *United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 4737196, at *3–5 (D.D.C. Sept. 27, 2019) (denying defendant's Mot. to Reconsider Denial of Vacatur of Rape Conviction, ECF No. 59).

"require[] proof of a fact which the other does not," merge for double-jeopardy purposes. *Whalen v. U.S.*, 445 U.S. 684, 691–92 (1980). The D.C. Code provisions for rape and felony murder predicated on rape merge under this analysis, "since it is plainly not the case that each provision requires proof of a fact which the other does not." *Id*. at 693.

Notwithstanding these general principles, the Double Jeopardy Clause does not bar retrial after the reversal of a conviction on appeal. *Ball v. United States*, 163 U.S. 662, 671–72 (1896). Nor does the Clause bar retrial when "a defendant's conviction is overturned on collateral rather than direct attack." *United States v. Tateo*, 377 U.S. 463, 466 (1964). These principles are "a well-established part of our constitutional jurisprudence," *id*. at 465, and have "long been settled," *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). The Supreme Court has stated clearly that, "the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart*, 488 U.S. at 38. When a defendant succeeds in overturning his conviction, jeopardy "continues," and retrial is permissible. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308 (1984) (recognizing the concept of "continuing jeopardy."). As the Supreme Court recently explained, in a case cited by neither party, "The ordinary consequence of vacatur, if the Government so elects, is a new trial shorn of the error that infected the first trial. This 'continuing jeopardy' rule neither gives effect to the vacated judgment nor offends double jeopardy principles." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 363 (2016).

**B.     Analysis**

The defendant successfully challenged and was granted, on collateral review, vacatur of his felony murder conviction, but his expired rape conviction remains intact. *See* n.3, *supra*.

The parties do not dispute that the defendant's 1972 convictions for felony murder and rape while armed merge for double-jeopardy purposes. *See* Gov.'s Mem. Opp'n Mot. Dismiss ("Gov.'s Opp'n") at 2, ECF No. 65 ("Rape is a lesser-included offense of the D.C. offense of felony murder predicated on rape, and the two offenses thus are considered the 'same offense' for double-jeopardy purposes."). The government contends, however, that the "continuing jeopardy" rule applies and therefore that the government may retry the defendant for felony murder even though his conviction for a lesser-included offense, rape while armed, remains undisturbed.

The D.C. Circuit has not had occasion to address the application of the Double Jeopardy Clause and "continuing jeopardy" rule in these circumstances. The Ninth Circuit, however, held that the continuing jeopardy rule applies on closely analogous facts. *United States v. Jose*, 425 F.3d 1237, 1239 (9th Cir. 2005). In *Jose*, the defendants were convicted of felony murder, attempted robbery, and attempted burglary in federal district court. *Id*. at 1240. They successfully appealed their felony murder convictions but not their underlying felony convictions, which the court of appeals affirmed. *Id*.[4] When the state then sought to retry the defendants for felony murder, they argued on double-jeopardy grounds for dismissal of the indictment, since their lesser-included felony convictions stood. *Id*. Agreeing that the lesser-included felonies merged with the greater offense of felony murder for purposes of double jeopardy, *see id*. at 1241–42, the Ninth Circuit nonetheless rejected the defendants' double-jeopardy challenge and applied the "continuing jeopardy" rule, finding that "final convictions on … underlying predicate felonies do not trigger double jeopardy protections against retrial of the

---

[4] *Jose*, 425 F.3d at 1240 ("Appellants did not appeal their predicate felony convictions, which were nevertheless affirmed by this court on direct appeal.").

greater offense originally charged under the *same* indictment in the *same* trial…," *id*. at 1248 (italics in original).

Here, application of the "continuing jeopardy" rule is similarly appropriate. As in *Jose*, the felony murder offense and lesser included predicate felony rape were "originally charged under the same indictment in the same trial." The defendant's own requested remedy, in seeking to overturn his felony murder conviction, was a new trial. Def.'s Mot. to Vacate Conviction Under 28 U.S.C. § 2255 ("Def.'s Mot. to Vacate"), at 5, ECF No. 2. If the government had convicted the defendant of a predicate felony and then returned, in a subsequent prosecution, to seek a separate conviction for felony murder based on the same conduct, that *successive* prosecution would be barred. The circumstances presented here are different: the government seeks to retry the defendant after he successfully overturned his conviction. Retrial under these circumstances is not a successive prosecution. Instead, retrial is the result of the defendant's successful challenge under 28 U.S.C. § 2255. *See Tateo*, 377 U.S. at 466 (observing, "Courts are empowered to grant new trials under 28 U.S.C. s 2255" and explaining that "it would be incongruous to compel greater relief for one who proceeds collaterally than for one whose rights are vindicated on direct review.").

In *Jose*, the Ninth Circuit usefully highlighted two considerations underlying the double-jeopardy protections at stake: "finality" and "prosecutorial overreaching." *Jose*, 425 F.3d at 1242 (quoting *Ohio v. Johnson*, 467 U.S. 493, 501–02 (1984)). Here, as in *Jose*, granting a retrial does not offend these principles. First, the defendant "ha[s] no legitimate expectation of finality in a judgment that [he] placed in issue by appealing." *Jose*, 425 F.3d at 1243. The defendant observes correctly that his rape conviction has not been vacated and that, as a result, he "is entitled to the finality and repose of his rape conviction and sentence." Def.'s Mot. at 8.

5

The same cannot be said, however, of the defendant's felony murder conviction. The defendant is not entitled to finality as to that conviction because the defendant sought and was successful in obtaining vacatur on his own motion. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1185 (9th Cir. 2000) ("a defendant has no legitimate expectation of finality in a sentence that he places in issue by appealing it."); *United States v. Ray*, 950 F. Supp. 363, 368 (D.D.C. Dec. 4, 1996) (finding that a defendant "could not have had a 'legitimate expectation of finality' in his original sentence since he was the one who sought review of its legality by bringing a § 2255 motion.").

Consideration of prosecutorial overreach here is more complex. The defendant argues forcefully that government misconduct makes this case unique and that the "continuing jeopardy" rule should not apply as a result. Def.'s Mot. at 4–5, 11–12; Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply") at 2–3, ECF No. 68. Of particular relevance to this consideration is the defendant's contention that the government "let[] Mr. Ausby's entire rape sentence expire long before disclosing the falsity of the forensic hair testimony," Def.'s Mot. at 12, and "refused for several decades to admit and correct the false testimony in order to avoid losing … convictions and sentences," Def.'s Reply at 2. The government's misconduct at the defendant's original trial is clear and uncontested: the government concedes that the forensic hair testimony used during the trial was false, and the government knew or should have known that that was so. *Ausby*, 916 F.3d at 1090. Further, the D.C. Circuit ruled that that forensic hair-matching testimony "'could … have affected the judgment of the jury.'" *Id*. (quoting *Napue*, 360 U.S. at 271).

Yet, despite the troubling use of false testimony by the government at the original trial, the defendant's arguments that prosecutorial overreach should bar invocation of the continuing jeopardy rule are unconvincing for several reasons. First, the remedy for the government's misconduct that the defendant initially sought was vacatur of the felony murder conviction and

retrial, not dismissal of any new indictment.  Def.'s Mot. to Vacate at 1 ("John Milton Ausby, a federal prisoner at FCI Williamsburg under sentence of this Court, moves this Court, pursuant to 28 U.S.C. § 2255(a), to vacate his judgment of conviction and life sentence of November 22, 1972."); *id*. at 5 ("Mr. Ausby respectfully requests that the Court grant his Motion, vacate his conviction and sentence related to the death of Deborah Noel, and grant him a new trial."). Thus, the defendant has obtained the remedy he originally sought.

Second, the record does not support the defendant's contention that the government purposefully delayed its disclosure of the false evidence until after the expiration of the defendant's rape sentence.  At the outset of this litigation, the government conceded that the erroneous hair evidence "should be treated as false evidence," and that "knowledge of the falsity should be imputed to the prosecution."  Def.'s Mot. to Vacate, Ex. C, Letter from Peter J. Kadzik to Sen. Richard Blumenthal (Sept. 15, 2015) ("Kadzic Ltr.") at 2, ECF No. 2-1.  The purpose of this admission was to "allow the parties to litigate the effect of the false evidence on the conviction in light of the remaining evidence in the case."  *Id*.  There is no reason to extrapolate from this concession, as the defendant now does, *see* Def.'s Mot. at 12; Def.'s Reply at 2, that the government purposefully delayed disclosing the evidence until after the defendant's rape conviction had expired.  Indeed, the government's initial agreement to vacatur of the rape conviction, *see* Jt. Filing: Proposed Order Vacating the Conviction, Att. 1 at 3, ECF No. 34-1, undercuts the defendant's argument that the government purposefully delayed its disclosures in order to raise a jurisdictional barrier to vacatur.

Finally, the government has not attempted to impose unduly cumulative punishment, which is to say it has not engaged in the kind of "governmental overreaching that double jeopardy is supposed to prevent."  *Johnson*, 467 U.S. at 502.  No such overreach is reflected by

the prosecutorial decision in 1972 to charge the defendant with both a greater and lesser-included offense based on a multi-count indictment. *See id.* at 500 ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."). Nor is there now: the government's new indictment seeks retrial only of the felony murder charge for which the defendant's prior conviction has been vacated. *See* Indictment (Retyped). This is not to minimize the gravity of the government misconduct that *did occur* during the defendant's trial, but simply to conclude that the government is not overreaching now, in seeking a new trial—a trial without false forensic hair testimony—after vacatur of the defendant's original felony murder conviction.

The defendant's additional argument that the "continuing jeopardy" rule should not apply because he has already served a lengthy sentence on his now-vacated conviction is similarly unpersuasive. In *Tateo*, the Supreme Court observed, in applying the "continuing jeopardy" rule, "[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *Tateo*, 377 U.S. at 466. According to the defendant, that rationale does not apply here because the defendant, having served forty-seven years in prison, will not have been granted immunity even if he is now released. Def.'s Reply at 3. Yet if the indictment were dismissed, as the defendant asks, he would be relieved of the remainder of his sentence, and in that sense the rationale does apply. Moreover, the defendant's lengthy time served would be taken into account were he convicted for felony murder after a new trial and subject to re-sentencing. As the Supreme Court has explained, "where a defendant is retried following conviction, the [Double Jeopardy] Clause's third protection ensures that after a subsequent

8

conviction a defendant receives credit for time already served." *Johnson*, 467 U.S. at 499. Thus, while the defendant's already served period of incarceration undoubtedly would affect any sentence to be imposed after a new conviction, it does not prevent a new trial from occurring.

The "continuing jeopardy" rule applies here and allows retrial of the defendant for the felony murder of Deborah Noel, even though his prior conviction for the lesser-included offense of rape while armed remains in place.

**II.     ORDER**

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the defendant's Motion to Dismiss the Indictment as a Bar to Successive Prosecution Under the Due Process and Double Jeopardy Clauses, ECF No. 60, is **DENIED**.

Date: October 11, 2019

_____
BERYL A. HOWELL
Chief Judge