**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**UNITED STATES OF AMERICA**     )
                                        )
    **v.**                                        )     Case. No. 1:72-CR-00067 (BAH)
                                        )
**JOHN MILTON AUSBY,**           )
                                        )     Trial Date: January 27, 2020
    **Defendant.**                )
_____)

## JOINT STATUS REPORT

       The United States, by and through the United States Attorney for the District of Columbia, and John Milton Ausby, by and through counsel, respectfully respond to the Court's December 20, 2019, Order, directing the parties to "submit jointly, by January 3, 2020, a status report identifying, in light of this Memorandum Opinion, which, if any, of the remaining pending motions may be denied as moot and whether the government is prepared to go forward with the retrial currently scheduled for January 27, 2020." ECF No. 122 at 3.

1. Based on the Court's evidentiary rulings as expressed in its December 20, 2019, Memorandum Opinion, ECF No. 123, and irrespective of whether the government appeals such Memorandum Opinion, the government will not be ready to proceed to trial on January 27, 2020.

2. Based on the Court's December 20, 2019, Memorandum Opinion, ECF No. 123, the defense is withdrawing its Motion to Continue Trial Date, ECF No. 118, and will be ready to proceed to trial on January 27, 2020.

3. As of the filing of this Joint Status Report, the government has not determined whether it will appeal the Court's Memorandum Opinion, ECF No. 123. Such decision must be made in

consultation with the Solicitor General's Office.  See U.S. Attorney Manual ("USAM") Section 2-3.221.  In accordance with Department of Justice policy, the government has submitted an adverse-decision letter to the Chief of the Criminal Division's Appellate Section, who in turn will make a recommendation that will be reviewed by the Solicitor General's Office and ultimately the Solicitor General himself.  Given the required review process, the decision whether to appeal will not be made prior to the deadline for filing the instant report.  The government fully expects that the Solicitor General will make a decision before January 21, 2020, the deadline for noting an appeal.

4. The parties agree that the defendant's motion to suppress identification evidence, ECF No. 81, is moot in light of the rulings made in the Court's December 20, 2019, Memorandum Opinion, ECF No. 123.  The parties further agree that, based on the current posture of the case, the following motions, or portions thereof, remain pending: [1] defendant's motions to dismiss for alleged *Brady* violations as requested in ECF documents 42 and 75; [2] defendant's motion to suppress tangible evidence, ECF No. 80; [3] government's motion to exclude third party perpetrator evidence, ECF No. 78; and [4] government's motion for admission of 404(b) evidence, ECF No. 90.

5. The government and defendant disagree regarding whether the Court should rule on the remaining pending motions.  The defendant asserts that the Court should rule on the motions in advance of the January 27, 2020, trial date.  The government suggests that judicial efficiency favors deferring ruling on the motions until after the government determines whether to appeal; if no appeal is taken, the government will move for dismissal and the motions will not require resolution.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

BY: _____-*s*-_____
DENISE CHEUNG, DC Bar No. 451714
SHARON DONOVAN, VA Bar No. 46810
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7522 (Cheung)
(202) 252-7806 (Donovan)

_____-*s*-_____
Adam G. Thompson
Roderick E. Thompson
Attorneys for John Milton Ausby
PUBLIC DEFENDER SERVICE
633 Indiana Avenue, N.W.
Washington, D.C.   20004
(202) 628-1200