UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 72-67 (BAH) |
| JOHN MILTON AUSBY, | Chief Judge Beryl A. Howell |
| Defendant. | |

# MEMORANDUM OPINION

The defendant, John Milton Ausby, seeks an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, that the defendant's renewed *coram nobis* petition would be granted in light of changed circumstances, namely the defendant's release from prison, while the defendant's appeal of this Court's ruling denying his original *coram nobis* petition remains pending. *See* Def.'s Mot. for Relief from Judgment Under Civil Rule 60(b) and, in the Alternative, Renewed Petition for Writ of *Coram Nobis* Vacating Conviction for Rape While Armed, and Request for Indicative Ruling Pursuant to Civil Rule 62.1 ("Def.'s Mot."), ECF No. 131. The government does not oppose the defendant's motion for an indicative ruling that would grant his renewed *coram nobis* petition. *See* Gov't's Resp. to Def.'s Mot. ("Gov't's Resp."), ECF No. 132. For the reasons stated below, the defendant's motion is granted.

## I.    BACKGROUND

On July 3, 2019, this Court vacated the defendant's felony murder conviction in accordance with the D.C. Circuit's ruling in *United States v. Ausby*, 916 F.3d 1089 (D.C. Cir. 2019). *See* Order (July 3, 2019), ECF No. 43. The defendant's rape conviction was not vacated, however, because jurisdiction was lacking to do so under either 28 U.S.C. § 2255 or a *writ of coram nobis*, since "the defendant had already served his sentence on that conviction and had

1

failed to allege redressable, ongoing harm stemming from the rape conviction sufficient to meet the requirements of Article III standing." *United States v. Ausby*, No. CR 72-67 (BAH, 2019 WL 7037605, at *2 (D.D.C. Dec. 20, 2019); *see also United States v. Ausby*, No CR 72-67 (BAH), 2019 WL 4737196, at *3–6 (D.D.C. Sept. 27, 2019) (denying defendant's Motion to Reconsider Denial of Vacatur of Rape Conviction, ECF No. 59). The defendant appealed this ruling, *see* Notice of Appeal, ECF No. 108, which appeal is pending but currently stayed, *see* Order (Jan. 23, 2020), *United States v. Ausby*, No. 19-3092, ECF No. 130.

## II.  ANALYSIS

As the parties agree, this Court currently lacks jurisdiction to rule on the defendant's renewed *coram nobis* petition because the defendant's appeal is pending before the D.C. Circuit. Def.'s Mot. at 5–6. Federal Rule of Civil Procedure 62.1, however, provides authority in this circumstance for a district court to issue an indicative ruling to "state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

"[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The writ of *coram nobis* is "an extraordinary tool to correct a legal or factual error," *id.* at 912–13, and "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241," *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) (internal quotation marks omitted) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)); *see also United States v. Morgan*, 346 U.S. 502, 511 (1954).

Though "the precise contours of *coram nobis* have not been well defined," *Denedo*, 556 U.S. at 910 (internal citation omitted), a four-factor test is generally applied "to determine whether *coram nobis* relief is warranted: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character," *United States v. Verrusio*, No. 09-cr-64 (BAH), 2017 WL 1437055, at *8 (D.D.C. Apr. 21, 2017), *aff'd*, 758 F. App'x at 2 (collecting cases) (internal quotation marks omitted).

The defendant's initial invocation of *coram nobis* to vacate his rape conviction was rejected based on the third prong of this test because the defendant had failed to allege redressable, ongoing harm sufficient to meet the requirements of Article III standing. *See United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2870232, at *6, *8 (D.D.C. July 3, 2019); *Ausby*, 2019 WL 4737196, at *3–6. On reconsideration, the defendant alleged that, despite the fact that his thirty-year sentence on his rape conviction had already expired, he would suffer an actual collateral consequence sufficient to establish standing since, under the District of Columbia's Sex Offender Registration Act ("DC SORA"), he would likely be required to register as a convicted sex offender and comply with the statute's reporting requirements. *See Ausby*, 2019 WL 4737196, at *5. This allegation was insufficient, since at that point the defendant remained incarcerated awaiting retrial on a felony murder charge and was therefore not obliged to register as a sex offender. *Id.*; *see also* D.C. Code § 22-4002(c) ("The Agency may suspend the requirement to register [under DC SORA] or any other requirement under this chapter during any period of time in which a sex offender is detained, incarcerated, confined, civilly committed or hospitalized in a secure facility."). As the Court explained, "[w]ere the defendant to be

released, and were he then required to register as a sex offender, he might then have a concrete claim, as the government conceded … At this stage, however, the alleged harm is speculative, and the Court's original determination—that the defendant lacks standing to challenge his rape conviction through a writ of *coram nobis*—remains correct." *Ausby*, 2019 WL 4737196, at *5.

These circumstances have changed as a result of the government's motion, on January 9, 2020, to dismiss the pending felony murder charge against the defendant, Gov't's Mot. to Dismiss, ECF No. 128, and his subsequent release from custody on January 10, 2020, *see* Def.'s Mot. at 5. Having been released from custody, the defendant is now subject to registration and reporting requirements under DC SORA, codified at D.C. Code § 22-4001 *et seq.* Under DC SORA, the defendant's rape conviction qualifies as a "lifetime registration offense." *See id.* § 22-4001(6)(A). The law applies retroactively to offenses committed "at any time" in the past, *see id.* § 22-4001(9)(B), and imposes multiple duties on offenders, including quarterly verification and other reporting requirements, *see id.* §§ 22-4008(a)(1), 22-4014; *In re W.M.*, 851 A.2d 431, 436–39 (D.C. 2004).[1] The government does "not dispute that these requirements amount to a cognizable injury in fact or that vacating [the defendant's] rape conviction would redress the injury." Gov't's Resp. at 1.

Thus, the defendant now has standing to seek a writ of *coram nobis* vacating his rape conviction. Since a lack of standing was the basis for denying the defendant's previous *coram nobis* petition, and the government does not contest the three other prongs for grant of this writ,

---

[1] In *Smith v. Doe*, 538 U.S. 1009 (2003), the Supreme Court upheld Alaska's sex registration statute against an as applied *ex post facto* challenge, finding that sex registration was regulatory not punitive. Since then, and in the absence of any contrary authority from the Supreme Court, most federal courts have similarly upheld the retroactive application of state sex registration statutes. *See Shaw v. Patton*, 823 F.3d 556 (10th Cir. 2016); *United States v. Parks*, 698 F.3d 1 (1st Cir. 2012); *United States v. W.B.H.*, 664 F.3d 848 (11th Cir. 2011). Additionally, the District of Columbia Court of Appeals has held that retroactive application of DC SORA does not violate the *ex post facto* clause. *See In re W.M.*, 851 A.2d at 446 (applying the Supreme Court's rationale in *Smith v. Doe* to conclude that DC SORA is not punitive).

*see* Gov't's Resp., this Court indicates, pursuant to Federal Rule of Civil Procedure 62.1, that the defendant's renewed petition for *coram nobis* would be granted.

## III. CONCLUSION

For the foregoing reasons, the defendant's motion, pursuant to Federal Rule of Civil Procedure 62.1, for an indicative ruling that the defendant's renewed *coram nobis* petition would be granted if the Court of Appeals remanded for that purpose, is granted.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 19, 2020

_____
BERYL A. HOWELL
Chief Judge